**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VINCENT ANTHONY CORTLESSA, SR. : | | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CHESTER COUNTY, et al. | : | |
| Defendants. | : | NO. 13-1697 |

**MEMORANDUM RE: MOTIONS TO DISMISS**

Baylson, J.                                                            January <u>9</u> , 2014

**I.      Introduction**

This lawsuit involves a civil rights claim under 42 U.S.C. § 1983 against Chester County, the Borough of Downingtown ("the Borough" and, collectively, "the Counties"), and Detective Pamila Fentner ("Fentner"). Plaintiff alleges violations of his constitutional rights based on (1) the search of his wife's truck by Fentner, and (2) the failure to investigate the veracity of an affidavit – signed by another individual, who confessed to the crime with which Plaintiff had been charged – that Plaintiff provided to various individuals employed by the Counties, including Fentner. Plaintiff seeks $2.5 million for the loss of his wife who divorced him and the destruction of his family as well as $2,500 per day for every day that he was falsely imprisoned, $50,000 in lost wages, and $2,500 in legal fees and filing fees.

**II.      Background**

On April 1, 2013, pro se Plaintiff, Vincent Anthony Cortlessa ("Plaintiff"), filed an Application to Proceed In Forma Pauperis ("Application") and initiated this lawsuit. ECF 1. Plaintiff attached his Complaint to his Application at that time, and named as Defendants Chester County Pennsylvania; Chester County Court of Common Pleas; the Honorable James P. MacElree, II; the Chester County District Attorney's Office; Thomas Hogan, the District

Attorney; Mark Conte, the District Attorney; John Doe; Jane Doe, an Assistant District Attorney; the Honorable Stanley Scott; the Borough; the Downingtown Borough Police Department, Fentner; and two parties "to be named at a later date." ECF 1.

On April 11, 2013, this Court granted Plaintiff's Application but dismissed, sua sponte, Plaintiff's Complaint against the Chester County Court of Common Pleas; the Honorable James P. MacElree, II; the Honorable Stanley Scott; Thomas Hogan; Mark Conte; the Chester County District Attorney's Office; Jane Doe; and Downingtown Borough Police Department. ECF 2 (Apr. 11, 2013 Order).

Plaintiff then filed his Complaint on April 11, 2013 against Chester County, Fentner, and the Borough. ECF 3.

On June 7, 2013, Defendant Chester County of Pennsylvania filed a Motion to Dismiss Plaintiff's Complaint. ECF 15. On June 10, 2013, Defendants Fentner and the Borough also filed a Motion to Dismiss. ECF 16. Plaintiff responded to those motions on June 20, 2013. ECF 17.

## IV.    Parties' Contentions

### A.    Complaint

On or about January 22, 2012, Plaintiff alleges that he was approached by the Downingtown Borough Police Department employee, Fentner ("Fentner"), who told him that she knew he had broken into a locked construction trailer, removed boxes from the trailer, and placed them into a Toyota truck. ECF 3 at 8. Plaintiff alleges that he told Fenter that he operated a construction and scrap business and had not done anything illegal. Plaintiff alleges that while he had given Fentner permission to search the premises – which she did – that she also searched his wife's Toyota truck without authorization. then requested to search the premises and that he gave her permission to do so. Id. at 9. According to Plaintiff, Fentner found nothing

2

incriminating but, nevertheless, had the truck towed 40 miles to an impound lot.  Five days later, Plaintiff alleges that he had to use all of his monthly bill money and borrow additional money, in total spending $478.00, to retrieve the truck from the lot.  Plaintiff alleges that Fentner returned on or about January 26, 2013 with a second search warrant, which she presented to a minor and pursuant to which she searched the residence without an adult present.

Plaintiff alleges that he subsequently learned that his friend and employee, Mr. Jones, used Plaintiff's wife's truck and committed the crime of which Plaintiff had been accused. Plaintiff asserts that he had Mr. Jones sign – and have notarized – an affidavit admitting that he, Mr. Jones, committed the crime and that Plaintiff had no knowledge of it.  Plaintiff alleges that he tried to notify Fentner of the affidavit but she did not return his calls.  Plaintiff alleges that he was then arrested by his state parole officer on or about February 22, 2012. Id. at 10.  When he did discuss the affidavit with Fentner, around the time of his trial, Plaintiff alleges that Fentner stated that she and the Assistant District Attorney believed that Plaintiff had falsified the affidavit.  Plaintiff asserts that Fentner never questioned his wife, the owner of the truck, and otherwise failed to properly investigate the veracity of the exculpatory affidavit.

Plaintiff also alleges that he was held in violation of his constitutional rights because he notified all relevant parties of the existence of the affidavit in which Mr. Jones admitted to the crime for which Plaintiff had been charged and detained.  Plaintiff asserts that, despite having sent the affidavit on or around August 30, 2012, the Chester County District Attorney's Office did not question Mr. Jones until around December 17, 2012, at which time he confessed.  Even then, Plaintiff alleges, he was not released until January 9, 2013, when the charges were finally dropped.

3

### B.  Chester County's Motion to Dismiss

On June 7, 2013, Chester County moved to dismiss Plaintiff's claims against it.  ECF 15.
Chester County argued that Plaintiff's Complaint should be dismissed as a matter of law since it
failed to allege any policy, practice, or custom of Chester County that deprived him of a federally
protected right as required under Monell v. Dep't of Social Servs., 436 U.S. 658, 98 S. Ct. 2018,
56 L. Ed. 2d 611 (1978).  According to Chester County, Plaintiff neither identified a custom or
policy on behalf of Chester County that caused his alleged injuries nor any actions that amounted
to a deliberate indifference to fail to train employees.  ECF 15 (Mot. to Dismiss) at 6.

### C.  The Borough and Fentner's Motion to Dismiss

Defendants the Borough and Fentner moved for a partial dismissal of Plaintiff's
Complaint on June 10, 2013.  ECF 16.  The Borough and Fentner contend that Plaintiff's
Complaint lacks any factual allegations that, even if true, demonstrate that any employee or
agent of the Borough violated Plaintiff's rights pursuant to a policy, practice, or custom enacted
by the Borough.  In fact, they argue, the only allegation that mentions the Borough states in a
conclusory fashion that the Borough should be held accountable for the actions of its employees
and can be held accountable for the harm suffered by Plaintiff.  ECF 16 (Mot. to Dismiss) at 4
(citing ECF 3 (Compl.) at 7), and the Borough's liability cannot be based on respondeat superior.

## V.  Legal Standard

### A.  Motion to Dismiss

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court may
grant the motion only if, accepting all well-pleaded allegations in the complaint as true, and
viewing them in the light most favorable to plaintiff, the plaintiff is not entitled to relief.  Doug
Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000).  Accordingly, a

federal court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  <u>Doe v. Delie</u>, 257 F.3d 309, 313 (3d Cir. 2001).

**B.      <u>Monell</u> Liability**

In <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be found liable under § 1983.  Under <u>Monell</u>, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  <u>Id.</u> at 694, 98 S. Ct. 2018.  In other words, plaintiffs may not rely on a theory of respondeat superior to impose liability on municipalities.  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  <u>Id.</u>

Accordingly, to hold a municipality liable under § 1983, a plaintiff must show: (1) a deprivation of a federal right, <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986); (2) a relevant policy or custom attributable to the municipality, <u>Monell</u>, 436 U.S. at 691; and (3) "a direct causal link" between the municipal action and the deprivation of the federal right, <u>Bd. of Cnty. Comm'rs of Bryan Cnty., Okl., v. Brown</u>, 520 U.S. 397, 404 (1997).

**V.      Discussion**

Plaintiff fails to identify any specific policy or practice or either Chester County or the Borough that allegedly violated his constitutional rights.  He merely alleges that Chester County acted with deliberate indifference, ECF 3 (Compl.) at 4, and states in a conclusory manner that the Borough can and should be held accountable for the actions of its employees, <u>id.</u> at 7.  These allegations, standing alone, do not state a claim.  Plaintiff has not sufficiently alleged that the

harm he suffered was caused by a constitutional violation brought about by a policy or practice" for which the Counties were responsible.

The Motion to Dismiss filed on behalf of Defendant Fentner does not address Plaintiff's claims against her in her individual capacity.  Those claims are therefore not dismissed.

## VI.    Conclusion

Plaintiffs' claims against the Counties are therefore dismissed without prejudice, and if Plaintiff can, consistent with the Federal Rules of Civil Procedure and legal principles, state a Monell claim against the Counties, he may file an Amended Complaint within 14 days.[1]  An appropriate order follows.

O:\CIVIL 13\13-1697 cortlessa v. chester cty\13cv1697.010914.memo.MTD.docx

---

[1] Although Plaintiff is proceeding pro se in this lawsuit, this suit is his third civil rights complaint filed before this Court in the last ten years.  See Cortlessa v. The Commonwealth of Pa. Bd. of Probation and Parole, No. 13-01454 (E.D. Pa. filed on Mar. 20, 2013); Cortlessa v. Doe, No. 04-01039 (E.D. Pa. filed on Mar. 10, 2004) (in which Plaintiff was represented by counsel).